IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DELACRUZ ALHARSOMI,

    Plaintiff,                    No. CIV S-05-0001 DFL DAD P

    vs.

OFFICER W. RO, et al.,

    Defendants.          ORDER

                             /

        Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Since plaintiff is no longer incarcerated, the court will order plaintiff to submit a new application requesting leave to proceed in forma pauperis by a non-prisoner.[1] See 28 U.S.C. § 1915(a)(1); see also, DeBlasio v. Gilmore, 315 F.3d 396 (4th Cir. 2003) (holding that PLRA fee requirements are not applicable to a released prisoner and that the former prisoner may proceed in forma pauperis under § 1915(a)(1)).

---

[1] On July 11, 2005, plaintiff filed a notice of change of address.

Plaintiff has filed an amended complaint pursuant to the court's order filed on February 11, 2005. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Here, plaintiff has not provided any allegations concerning defendant William Rochford, the only defendant specifically named in the amended complaint. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that a second amended complaint be complete in itself without reference to any prior pleadings. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleadings no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of service of this order, plaintiff shall file a new application requesting leave to proceed in forma pauperis by a non-prisoner;

2. Plaintiff's amended complaint is dismissed;

3. Plaintiff is granted twenty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided by the Clerk of the Court; plaintiff must file an original and two copies of the second amended complaint;

4. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed; and

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 civil rights action, and an application requesting leave to proceed in forma pauperis by a non-prisoner.

DATED: November 7, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
alha0001.amd